# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ARKMAEL RAY SALES,**

      **Plaintiff,**

  v.                                            Civil Action 2:17-cv-689
                                                  Judge George C. Smith
                                                  Magistrate Judge Jolson

**ARTHUR HALE, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff Arkmael Ray Sales, a *pro se* prisoner, brings this action against Arthur Hale, Mary Lawrence, Roger Wilson, Heather Hegan, Missy Roush, Shelley L. Clemmons, and Dave Collins. (*See* Doc. 1-2). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set

forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

I. **BACKGROUND**

Plaintiff's claims appear to relate to either his medical care while in prison or the grievance procedures at Pickaway Correctional Institution. As to Defendant Dr. Arthur Hale, Plaintiff alleges that on November 30, 2015, Dr. Hale discontinued his pain medication "Alltrim" with "[n]o written statement by accusing officer or staff, no conduct report and no evidence." (Doc. 1-2 at 5). Plaintiff then alleges numerous complaints against "Defendant #1," which the Court assumes to be Dr. Hale (although it is unclear), including: that Defendant #1 refused to accept Plaintiff's electromyogram results from a specialist on June 30, 2016 (*id.*); that Defendant #1 prescribed Elavil even though Plaintiff advised him that "I've taken Elavil before for cancer pain and it did no good" (*id.*); that Defendant #1 gave Plaintiff anti-inflammatory medication until February 2017, despite a specialist for his stomach disorder opining that Plaintiff should not be given anti-inflammatory medications (*id.* at 5–6); and Defendant #1 found that Plaintiff's

2

stool sample did not contain blood, although Plaintiff argues it clearly show[ed] blood" and a subsequent stool culture test did in fact indicate the presence of blood (*id.* at 7).

Plaintiff also alleges claims against Defendants Heather Hagan, Missy Roush, and David Collins, who are identified as "Health Care Administrators." (*Id.* at 7). Plaintiff's allegations as to these three defendants are hard to follow:

> [M]edical grievances "must" go to them "informally" which takes as long a eight-ten day, and their response more often than not is; "Keep getting on sick call or I can not tell the doctor what to do..." Thus, this being the case, why the need to go through them when it slows the process...? On top of the above, those things that these three Defendants can resolve the cover-up as they have with everything herein complained of.

(*Id.* at 7–8). Plaintiff also alleges that Ms. Roush took a document from him, detailing the various foods and spices he should not eat based on a specialist's recommendation, and denied any such document was ever in Plaintiff's medical files. (*Id.* at 9–10). In what appears to be an attempt to support that allegation, Plaintiff explains that he was seen by Defendant #1 who prescribed Pepcid, which he says proves the document was in his file. (*Id.* at 10).

As to Defendants Mary Lawrence and Shelley Clemons, Plaintiff alleges that they are "Grievance Inspectors" who have not "totally" or only "half" investigated "The Issues." (*Id.* at 8). Plaintiff offers no explanation for what "The Issues" refers to. Finally, Plaintiff alleges that Defendant Roger Wilson, the so-called "Chief Inspector of Grievance," failed to respond to a certified mailing that Plaintiff's family sent him—presumably related to his grievance, although Plaintiff does not explain any details relating to the mailing—in dereliction of his duty. (*Id.* at 9).

Plaintiff seeks punitive damages from each Defendant in the amount of $750,000, as well as $250,000 "in compensatory damages and cost for this action." (*Id.* at 10). Plaintiff also asks that this Court find that the prison grievance procedure is unconstitutional. (*Id.*).

## II. DISCUSSION

### A. Allegations Regarding Plaintiff's Medical Care

Plaintiff's allegations against Dr. Hale (and Defendant #1, assuming *arguendo*, that they are the same person) relate to his medical care while in prison. Under the Eighth Amendment, prison officials are forbidden "from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Neal v. Swigert*, No. CIV.A. 2:05-CV-486, 2005 WL 1629779, at *1 (S.D. Ohio July 6, 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Prison officials are liable "only if they know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.'" *Id.* (citing *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). However, courts have consistently held that mere negligence does not constitute deliberate indifference. *Id.* And further, "a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment." *Id.* (citing *Estelle*, 429 U.S. at 107–108; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

Here, Plaintiff does not allege that Dr. Hale knew of and disregarded an excessive risk to his health and safety. Instead, Plaintiff acknowledges that Dr. Hale provided Plaintiff with medical treatment on a reoccurring basis—he provided medications, allowed Plaintiff to see specialists, and ordered stool samples. In other words, Plaintiff disputes only the course of his medical treatment, but does not allege he *failed* to receive treatment. These disagreements are not actionable, as they fail to allege a constitutional claim under 42 U.S.C. § 1983. *See Palmer v. Ohio State Univ.*, No. CIV.A. 2:01-CV-053, 2002 WL 483558, at *6 (S.D. Ohio Mar. 12, 2002).

Further, even Dr. Hale's actions were somehow improper, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106 (1976); *see also Palmer*, 2002 WL 483558, at *6 (holding that the Constitution does not "prohibit medical malpractice within the prison context"). Thus, Plaintiff has failed to state a claim for relief as to his medical claims.

### B. Allegations Regarding the Grievance Procedures

Plaintiff's remaining allegations are based on alleged deficiencies in the grievance process and its employees. "As this Court has recognized, however, 'a prison inmate does not have an inherent constitutional right to an effective prison grievance procedure.'" *Pollock v. Lavender*, No. 2:11-CV-00114, 2011 WL 2148584, at *6 (S.D. Ohio May 31, 2011), *report and recommendation adopted*, No. 2:11-CV-00114, 2011 WL 2637329 (S.D. Ohio July 6, 2011) (quoting *Israfil v. Parks*, No. 2:10–cv–132, 2010 WL 4642978, at *1 (S.D. Ohio Aug. 18, 2010)). "Furthermore, Ohio Court[s] have held that the Ohio Administrative Code sections outlining prison grievance procedures do not confer a legal right on inmates." *Id.* (citing *State ex rel. Wickensimer v. Bartleson*, No. L–09–1049, 2009 WL 5174167, at *3 (Ohio Ct. App. Dec. 28, 2009)). Accordingly, since a violation of a constitutional right is required to obtain relief under § 1983, and there is no constitutional right to an effective grievance procedure, Plaintiff has failed to state a claim to relief. *See Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

### III. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Plaintiff's Motion for Waive Strict Compliance be **DENIED** (Doc. 2) and that his Complaint (Doc. 1-2) be **DISMISSED**.

**<u>Procedure on Objections</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 11, 2017   /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE